# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

No. 855
OFFINITZ v. PULIN
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5737. Decided May 18, 1925

630. INDUCEMENT—By an agent, that property would be sold if certain commissions were paid him, that he would sell for a certain price, and that he already had a purchaser, relates to the future and comprises the power to control the action of future purchasers, and this control being an impossibility, such an inducement does not lie as a basis for recovery for a pretense of that nature.

SULLIVAN, J.

Edward Offinitz brought his action into the Court of Appeals in a petition in error seeking to reverse a judgment rendered in the Cleveland Municipal Court in favor of Lena Pulin upon a claim as asserted by him for $600 alleged to be due him for commission in acting as an agent for the exchange of certain real and personal properties of the parties. The basis for this claim of Offinitz was a written contract. The Court of Appeals held:

1. From the record it appears that Pulin admitted the execution of said contract and thereupon rested; and would have been entitled to judgment under the pleadings were it not for the fact that she went forward with the defense which consisted of conversations had between parties and Offinitz as to the amount of his commissions, etc.

2. The court below allowed evidence of these preliminary conversations to be introduced and by reason of Pulin's admission of the execution of the contract, her only purpose could have been to vary and contradict the terms of a valid written contract, and not upon the theory that the contract was superinduced by representations of Offinitz that he would sell her store for $6000 and that he already had a purchaser.

3. If the case was tried on that theory, the defense would have been based upon the allegations of fraud by a false inducement and damages could be asserted because of the breach were it not for the rule that an inducement of this character, relating to the future,

comprises the power to control the action of third parties which might become future purchasers, and this control being an impossibility, such inducement cannot be a basis for recovery for a pretense of that nature.

4. From the answer and testimony, the defense instead of explaining or varying a valid written contract when there is no ambiguity or uncertainty therein, should be based on fraud, either actual or constructive, by way of inducement to the execution of the contract; or that action be taken for a reformation of the contract to the verbal agreements of the parties. Judgment reversed and cause remanded.

Attorneys—Smith, Olds & Smith for Offinitz; J. M. Friedlander for Pulin; all of Cleveland.